NO. 07-10-0366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 30, 2011

_____

DAVID ANASTACIO MARQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17778-0809; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

The majority finds that Appellant's prior plea agreement and plea are evidence of his financial ability to pay $337.50 of the $637.50 in court-appointed attorney's fees. I respectfully disagree.

Contracting to pay a debt and having the actual ability to pay a debt are two entirely different concepts. Our jurisprudence is replete with examples of people who contracted to pay a debt but were unable to fulfill that obligation.

Furthermore, the determination of an ability to pay must be made at the time of the assessment. The ability to pay at some past or future point in time is no evidence of Appellant's present ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). Because I would reform the judgment to find no attorney's fees were properly assessable, I respectfully dissent.

Patrick A. Pirtle
Justice

Do not publish.